```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERT JOYCE,

                        Plaintiff,

        v.

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/7/2022_

22 Civ. 801 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Robert Joyce, brings this action against Defendant, Consolidated Edison Company of New York, Inc. ("ConEd"), seeking vacatur of an arbitration award under Article 75 of the New York Civil Practice Laws and Rules (the "CPLR"), N.Y. C.P.L.R. 7511, and § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185(a), upholding his termination under the terms of the collective bargaining agreement (the "CBA") between ConEd and the Utility Workers Union of America, AFL-CIO, Local 1-2 (the "Union"). *See* Pet., ECF No, 1-1. Defendant moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Def. Mot., ECF No. 7. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND[1]

Starting on July 4, 2009, Plaintiff was employed by ConEd as a Distribution Splicer. Pet. ¶ 9. On February 8, 2021, ConEd's Medical Review Officer (the "MRO") interviewed

---

[1] The Court considers the petition served on Defendant and filed as an attachment to Defendant's notice of removal (the "Petition") to be the operative pleading in this matter. ECF No. 1-1; *see* Def. Mem. at 2 n.1, ECF No. 8. The Petition appears to differ from the petition filed in Plaintiff's state court action ("State Petition"), *see* S. Pet., ECF No. 14-1; Def. Reply Mem. at 6 n.1, ECF No. 13, but Plaintiff has not filed the State Petition on the docket and makes no arguments regarding it in response to Defendant's motion, *see* Pl. Mem., ECF No. 12. In an abundance of caution, the Court has reviewed both petitions and shall include citations to the State Petition to the extent it contains facts relevant to the Court's decision. The Court presumes the facts in both petitions "to be true for purposes of

Plaintiff regarding the results of a drug screening test Plaintiff submitted to on January 29, 2021.  *Id*. ¶ 10.  During the interview, the MRO informed Plaintiff that the sample he provided tested positive for methamphetamine.  *Id*. ¶ 11.  Plaintiff denied using any illegal substances and requested that a "split sample" be sent to another lab for testing.  *Id*. ¶ 12.  On February 22, 2021, the MRO informed Plaintiff that the split sample had reconfirmed the presence of methamphetamine.  *Id*. ¶ 13.  On March 5, 2021, ConEd terminated Plaintiff's employment.  *Id*. ¶ 14.  Then, on March 24, 2021, the Union filed a grievance on Plaintiff's behalf pursuant to the CBA.  *Id*. ¶ 15.

An arbitration on the Union's grievance was held on August 3 and 17, 2021, to determine whether ConEd terminated Plaintiff's employment without reasonable cause.  *Id*. ¶ 16.  Prior to the arbitration, Plaintiff made a written request for copies of records related to his drug test, and ConEd failed to provide those documents despite regulations requiring it to provide them to Plaintiff within 10 business days.  *Id*. ¶¶ 52–53.  Plaintiff informed the Union that ConEd was violating applicable regulations by not producing the records, and a Union representative told him that "[w]hat [he] request[s] from the company [he] ha[s] to handle with . . . the company," and stated that his request for documents was "between [him] and the company."  *Id*. ¶ 65.  ConEd also failed to produce a "Litigation Package," which typically consists of "internal lab documents that explain in great detail the entire process the urine sample went through."  *Id*. ¶ 57.  The Union "ma[de] no effort to compel [ConEd] to produce critical documents required by [applicable r]egulations that could serve to invalidate the drug test results."  *Id*. ¶ 67.

---

considering a motion to dismiss for failure to state a claim."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

During the arbitration, Plaintiff testified and denied using illegal substances. *Id.* ¶ 18. He also provided an alternative explanation for the positive test result. *Id.* "The evidence [at the arbitration] demonstrated that [ConEd's] drug testing procedures were fundamentally flawed in multiple ways . . . and that the drug test was required to be []canceled[] under the CBA and applicable regulations." S. Pet. ¶ 19, ECF No. 14-1. Plaintiff "repeatedly informed the Union of critical defects in the drug testing procedures and the improper behavior displayed by [ConEd,] but the Union ignored [his] concerns," *id.* ¶ 67, and "made no attempt to learn [the applicable] regulations or the significance of [ConEd's] violations," *id.* ¶ 72. The Union also failed to "highlight the fatal defects in the testing of the specimen that mandated canceling the results." Pet. ¶ 67 (quotation marks omitted). And, it "failed to demonstrate . . . that [ConEd's] failure to follow [applicable] regulations with regard to testing the specimen rendered [ConEd's] termination of [Plaintiff's] employment wholly improper." *Id.* ¶ 70. After the arbitration, the Union failed to pursue a proceeding to vacate the arbitration award. *Id.* ¶ 75.

Plaintiff alleges that the Union failed to provide him with a fair and meaningful defense because they labeled him "an addict." *Id.* ¶ 74. Specifically, on or about May 15, 2018, Vincent Kyne, a senior union representative, told Plaintiff that he "was just an addict looking for an angle." ECF No. 1-3 at 34[2]; S. Pet. ¶ 62.

On December 29, 2021, Plaintiff filed a petition to vacate the arbitration award in Supreme Court, New York County. ECF No. 1. Defendant timely removed the action to this Court on the ground that § 301 of the LMRA gives federal courts original jurisdiction over actions requiring the interpretation of a collective bargaining agreement. *Id.*

---

[2] The Court considers this email as a document attached to the Petition. *See* ECF No. 1; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

3

**DISCUSSION**

I. <u>Rule 12(b)(6) Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon. *See Chambers*, 282 F.3d at 153.

II. <u>Article 75</u>

Under Article 75 of the CPLR, a "party" to an arbitration may file an application to vacate an arbitration award. *See* N.Y. C.P.L.R. 7511(b)(1). "An employee whose claims are arbitrated under a collective bargaining agreement between an employer and a union generally does not have standing under [Article 75 of the CPLR] to vacate the arbitration award, since that employee was not a party to the initial contract under which the arbitration proceeded." *Wolfinger v. Consol. Edison Co. of N.Y., Inc.*, No. 17 Civ. 1710, 2018 WL 3637964, at *5 (E.D.N.Y. July 31, 2018) (citation omitted); *Morris v. United Parcel Serv.*, No. 98 Civ. 7353, 2001 WL 705852, at *3 n.3 (S.D.N.Y. June 13, 2001), *aff'd sub nom.*, 63 F. App'x 50 (2d Cir. 2003) ("An individual grievant is not a party to an arbitration proceeding concerning his discharge; only the union and the employer are."). Plaintiff argues that he has standing

because he was identified in the case caption on the arbitration award as the "Grievant," and he was forced to seek discovery, but he offers no support for this position. Pl. Mem. at 7, ECF No. 12. The Court finds that Plaintiff does not have standing to seek vacatur of the arbitration award because he was represented by the Union in the arbitration proceedings, which initiated the grievance process on his behalf. *See* Pet. ¶ 15; *Wolfinger*, 2018 WL 3637964, at *5. Thus, "[ConEd] and the Union—not Plaintiff—were the parties to the arbitration, and only the Union has standing to seek vacatur of the Award." *Wolfinger*, 2018 WL 3637964, at *5.

Accordingly, Defendant's motion to dismiss Plaintiff's petition to vacate the award directly is GRANTED.

### III.   Hybrid § 301/DFR

Because the standing rule "may leave an individual employee without recourse when a union breaches its duty of fair representation in an arbitration proceeding," courts allow an employee to bring a "hybrid § 301/[duty of fair representation ('DFR')] claim to challenge an arbitration award when he would not otherwise have standing to do so." *Id*. (quotation marks and citation omitted). To successfully plead such a claim, an employee must allege "both breach of the labor agreement by the employer and breach of the duty of fair representation by the union." *Tucker v. Am. Bldg. Maint.*, 451 F. Supp. 2d 591, 595 (S.D.N.Y. 2006).

The duty of fair representation recognizes that unions "ha[ve] a duty to represent fairly all employees subject to the collective bargaining agreement." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citation omitted). A breach of this duty occurs when a union's conduct towards a member is "arbitrary, discriminatory, or in bad faith." *Id*. (citation omitted). Judicial review of such allegations is "highly deferential" in recognition of the "wide latitude that [unions] need for the effective performance of their bargaining

responsibilities." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991). A plaintiff making a DFR claim must establish two elements: (1) that "the union's actions or inactions [were] either arbitrary, discriminatory, or in bad faith," and (2) that there is a "causal connection between the union's wrongful conduct and [his] injuries." *Vaughn*, 604 F.3d at 709 (quotation marks and citations omitted). Here, Plaintiff argues that he has shown that the Union's conduct in handling his grievance was arbitrary, discriminatory, and in bad faith.

    A.    <u>Arbitrary</u>

Plaintiff contends that the Union acted in an arbitrary manner by failing to obtain the "Litigation Package" prior to the arbitration and by "placing the burden of conducting discovery on Plaintiff." Pl. Mem. at 9–13. The Court disagrees.

Courts consider a union's action arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *O'Neill*, 499 U.S. at 67 (quotation marks and citation omitted). "Tactical errors" and "even negligence on the union's part does not give rise to a breach." *Bejjani v. Manhattan Sheraton Corp.*, No. 12 Civ. 6618, 2013 WL 3237845, at *7 (S.D.N.Y. June 27, 2013), *aff'd*, 567 F. App'x 60 (2d Cir. 2014) (citation omitted). First, as other courts have found, allegations that a union failed to present certain arguments or obtain certain evidence are insufficient to show a breach of the duty of fair representation. *See Wolfinger*, 2018 WL 3637964, at *6 (collecting cases); *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters,* No. 17 Civ. 2309, 2020 WL 3104048, at *3 (E.D.N.Y. June 11, 2020) (collecting cases). At most, these allegations sound in negligence, not irrationality. *See Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 204 F. App'x 40, 42 (2d Cir. 2006) (finding that a union's failure to obtain "potentially exonerating documents" was merely a tactical or

6

negligent error). And, Plaintiff presents no support for his contention that not aiding an employee in his quest for discovery constitutes a breach of the duty of fair representation, and the Court finds that doing so does not constitute irrational behavior. *See Wolfinger*, 2018 WL 3637964, at *6; *Lane v. Wakefield*, No. 16 Civ. 1817, 2016 WL 5118301, at *2 (S.D.N.Y. Sept. 20, 2016).

Moreover, the Court determines that Plaintiff has not shown the requisite causal connection between the Union's failures and the negative outcome of the proceeding. As Plaintiff alleges in the Petition, the evidence at the arbitration, even without the "Litigation Package," showed that ConEd's "drug testing procedures were fundamentally flawed in multiple ways . . . and that the drug test was required to be []canceled[] under the CBA and applicable regulations." S. Pet. ¶ 19. And, Plaintiff puts forward no allegations explaining how the refusal to assist him with his discovery requests affected the outcome of the proceeding; rather, he merely argues that it "demonstrated that the Union had no interest in advocating for [him]." *Id*. ¶ 64.

Thus, the Court finds that Plaintiff has not adequately shown that the Union breached its duty of fair representation by proceeding in an arbitrary manner.

B. Discriminatory and in Bad Faith

Plaintiff argues that the Union discriminated against him by labeling him "just an addict" and demonstrating "little interest in advocating for him and fail[ing] to fulfill its duties to him from that point forward." Pl. Mem. at 13. The Court disagrees.

A union's acts are considered discriminatory when "'substantial evidence' indicates that it engaged in discrimination that was 'intentional, severe, and unrelated to legitimate union objectives.'" *Vaughn*, 604 F.3d at 709 (quoting *Amalgamated Ass'n of St., Elec. Ry. &*

*Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). And, acts are considered to be undertaken in bad faith when they involve "fraud, dishonesty, and other intentionally misleading conduct," which "requires proof that the union acted with an improper intent, purpose, or motive." *Id*. at 709–10 (quotation marks and citation omitted).

Plaintiff's allegations based on discrimination fail because he did not sufficiently plead that the Union's arbitration of his grievance was "compromised" based on any hostility towards him because of its perception of him as a person addicted to drugs. *See Fagundes v. Lane*, No. 12 Civ. 1634, 2014 WL 1276373, at *5 (E.D.N.Y. Mar. 27, 2014). The only non-conclusory allegation made by Plaintiff in support of his argument that the Union mishandled his grievance for discriminatory reasons is a senior Union representative's statement that Plaintiff was "an 'addict' in search of an 'angle.'" Pet. ¶ 67; S. Pet. ¶ 62; ECF No. 1-3 at 34. But, Plaintiff does not allege that this senior Union representative was involved in the April 2021 grievance process, and does not include any other facts in support of his claim. Drawing all reasonable inferences in Plaintiff's favor, the facts as alleged "at best make it merely conceivable" that the Union's actions were "based upon a discriminatory motive," rather than upon negligence or other tactical errors. *Pilchman v. Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, No. 10 Civ. 4976, 2011 WL 4526455, at *11 (S.D.N.Y. Sept. 29, 2011); *cf. Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 487 (S.D.N.Y. 2017) (assessing remarks in the context of other discrimination claims). Thus, the Court finds that Plaintiff has not shown that the Union breached its duty of fair representation by acting in a discriminatory manner.

Plaintiff advances no arguments in support of his contention that the Union acted in bad faith. *See generally* Pl. Mem. And, Plaintiff's allegations do not support a finding that the Union engaged in any fraudulent, dishonest, or intentionally misleading conduct. *See*

8

*Vaughn*, 604 F.3d at 709–10.  Rather, these allegations consist of the same allegations advanced in support of his claim that the Union engaged in arbitrary conduct, and, for the reasons discussed above, are not "so egregious as to be evidence of bad faith." *Felton*, 2020 WL 3104048, at *3 (citation omitted); *see also Fleischer v. Barnard Coll.*, No. 20 Civ. 4213, 2021 WL 5365581, at *3 (2d Cir. Nov. 18, 2021) (decision not to challenge an arbitration award "do[es] not reflect bad faith" because of the "stringent standard of review").  The Court, therefore, finds that Plaintiff has not shown that the Union acted in bad faith.

Accordingly, Defendant's motion to dismiss Plaintiff's hybrid § 301/DFR claim is GRANTED.[3]

### IV. Leave to Amend

Finally, ConEd argues that the Court should dismiss Plaintiff's claims "with prejudice."  Prejudice is warranted because "any amendment would be futile." Def. Reply Mem. at 10, ECF No. 13.  Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Because the Court is not convinced that Plaintiff cannot cure the deficiencies in his hybrid § 301/DFR claim, Plaintiff may file a motion for leave to amend his petition with respect to this claim within 21 days of this order.

Accordingly, Defendant's request to dismiss Plaintiff's claims with prejudice is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's claims is GRANTED.  Plaintiff may file a motion for leave to amend his petition with respect to his

---

[3] Because Plaintiff has failed to establish that the Union breached its duty of fair representation, the Court need not determine whether ConEd breached the CBA.  *See Nicholls*, 204 F. App'x at 42.

hybrid § 301/DFR claim by **September 28, 2022**.  The Clerk of Court is directed to terminate the motion at ECF No. 7.

    SO ORDERED.

Dated: September 7, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge