UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOYCE,

            Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/14/2024_____

22 Civ. 801 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Robert Joyce, brings this action against his former employer, Consolidated Edison Company of New York, Inc. ("ConEd"), seeking to vacate an arbitration award that upheld his termination. *See* ECF Nos. 1, 1-1. The Court granted ConEd's motion to dismiss on September 7, 2022. Order, ECF No. 16. Joyce moved for leave to amend his petition on January 6, 2023, and filed a proposed amended petition ("PAP"). ECF No. 33-1. By order dated November 29, 2022, the Court referred the motion to the Honorable James L. Cott for a report and recommendation. ECF No. 28.

Before the Court is Judge Cott's Report and Recommendation (the "R&R"), dated September 18, 2023, which recommends that Joyce's motion to amend be denied and that the case be dismissed with prejudice. R&R at 1, 12, ECF No. 50. Joyce filed timely objections to the R&R. Pl. Obj., ECF No. 51; *see also* Def. Resp., ECF No. 52.

For the reasons stated below, the Court OVERRULES Joyce's objections and ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–4, and does not summarize them here.

2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.   Joyce's Objections

Joyce objects to Judge Cott's findings that the PAP does not establish that the Utility Workers Union of America, AFL-CIO, Local 1-2 (the "Union") acted arbitrarily, discriminatorily, or in bad faith in representing Joyce at the arbitration. First, Joyce argues that the R&R "fail[s] to acknowledge Plaintiff's claim of his due process rights being violated." Pl. Obj. at 5. But, the R&R does acknowledge Joyce's contention that "the Union 'in bad faith' allowed ConEd to deny him his due process rights," and concludes that the PAP does not adequately allege bad faith. R&R at 11–12. This objection is meritless.

Second, Joyce "objects to the Magistrate Judge's interpretation of a hybrid § 301/[duty of fair representation] claim," contending that such a claim "is not just a claim against a Union failing to represent a Plaintiff." Pl. Obj. at 7. Joyce is correct that a hybrid § 301/fair representation claim "alleges that the employer breached the [collective bargaining agreement] and that the union breached its duty of fair representation." *Carrion v. Enter. Ass'n, Metal Trades Branch Loc. Union 638*, 227 F.3d 29, 33 (2d Cir. 2000). To prevail on a hybrid claim, however, "the employee 'must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union.'" *Id.* (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)). The R&R did not err in focusing, therefore, on whether the PAP adequately established a breach of duty by the Union.

Third, Joyce objects to "the Magistrate not addressing [ConEd's] attorney's offering of a

3

new argument"; namely, that Department of Transportation drug-testing regulations did not apply to Joyce's drug test.  Pl. Obj. at 9.  Even if this argument is "new," however, ConEd's defense does not bear on whether the allegations in the PAP are sufficient.  The R&R was not required to address it.

In his fourth, sixth, and seventh objections, Joyce contends that the PAP adequately alleges that the Union failed to help him obtain certain evidence and conduct specific investigations in preparation for the arbitration.  Pl. Obj. at 10–11, 13–16.  As the Court has already held, however, "allegations that a union failed to present certain arguments or obtain certain evidence are insufficient to show a breach of the duty of fair representation."  Order at 6.  The R&R did not err in declining to deem the Union's actions irrational on this ground.

Joyce's fifth, eighth, ninth, and tenth objections are otherwise general, conclusory, or restate his original arguments.  Pl. Obj. at 11–13, 17–18; *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1.  The Court has, therefore, reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Joyce's objections to the R&R and ADOPTS the R&R in full.  The Clerk of Court is directed to (1) terminate the motion at ECF No. 33, (2) enter judgment in favor of Defendant, (3) close the case, and (4) mail a copy of the R&R and this order to Joyce.

SO ORDERED.

Dated:  March 14, 2024
          New York, New York

_____
ANALISA TORRES
United States District Judge